UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| TENARIS BAY CITY, INC.; MAVERICK TUBE CORPORATION; IPSCO TUBULARS INC.; TENARIS GLOBAL SERVICES (U.S.A.) CORPORATION; AND SIDERCA S.A.I.C., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> UNITED STATES STEEL CORPORATION; BORUSAN MANNESMANN PIPE U.S. INC.; PTC LIBERTY TUBULARS LLC; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; AND WELDED TUBE, <br><br> Defendant-Intervenors. | Court No. 22-00343 |

**MOTION TO DISSOLVE INJUNCTION**

Plaintiffs Tenaris Bay City, Inc., Maverick Tube Corporation, IPSCO Tubulars Inc., Tenaris Global Services (U.S.A.) Corporation ("TGS USA"), and Siderca S.A.I.C. ("Siderca") (collectively, "Plaintiffs") hereby move to dissolve the injunction enjoining the liquidation of any unliquidated entries of oil country tubular goods ("OCTG") from Argentina that were produced by Siderca, which were entered, or withdrawn from warehouse, for consumption, during the periods May 11, 2022 to November 6, 2022, and November 18, 2022 to October 31, 2023 granted by this Court on February 10, 2023 (ECF No. 29). Plaintiffs' counsel consulted with counsel for

Defendant, United States, and for Defendant-Intervenors, and, as set forth below, counsel took "no position" on this motion.

### I. Introduction

On December 16, 2022, Plaintiffs commenced this appeal contesting the final determination of the U.S. Department of Commerce ("USDOC") in the investigation of OCTG from Argentina, as published in *Oil Country Tubular Goods from Argentina: Final Affirmative Determination of Sales at Less Than Fair Value and Final Negative Determination of Critical Circumstances*, 87 Fed. Reg. 59,054 (Sept. 29, 2022) (ECF Nos. 1, 16). The subsequent antidumping duty ("AD") order on OCTG from Argentina was published in *Oil Country Tubular Goods From Argentina, Mexico, and the Russian Federation: Antidumping Duty Orders and Amended Final Affirmative Antidumping Duty Determination for the Russian Federation*, 87 Fed. Reg. 70,785 (Nov. 21, 2022).

On February 10, 2023, Plaintiffs filed a proposed Order for Statutory Injunction Upon Consent, requesting that the Court enjoin the United States "during the pendency of this litigation, including any appeals, from issuing instructions to liquidate or making or permitting liquidation of any unliquidated entries of" OCTG from Argentina that were produced by Siderca, which were entered, or withdrawn from warehouse, for consumption, during the periods May 11, 2022 to November 6, 2022, and November 18, 2022 to October 31, 2023 (ECF No. 24). The Motion was granted by this Court on February 10, 2023.

This Court issued its final judgment in this case on December 2, 2024, sustaining the USDOC's dumping determination (ECF Nos. 94, 95, 101). On January 17, 2024, Plaintiffs filed a Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit ("CAFC") (ECF No. 104),

and the appeal was docketed at the CAFC on January 23, 2025 as CAFC Case No. 2025-1382 (ECF No. 105).

On June 15, 2025, USDOC published the Final Results of the first administrative review relating to the entries of OCTG from Argentina to which the court's injunction applies. *See Oil Country Tubular Goods From Argentina: Final Results of Antidumping Duty Administrative Review; 2022-2023*, 90 Fed. Reg. 24,781 (June 12, 2025) ("Final Results"). The Final Results of the review were favorable to Plaintiffs, reducing the dumping margin for the imports during this period to 6.76%, compared to the 78.30% deposit rate required of TGS USA (one of the Plaintiffs who served as importer of record) at the time of entry. No parties appealed USDOC's Final Results. As a result of the Final Results of this first review and the statutory scheme, Plaintiffs are now entitled to substantial refunds, and interest, on the overpayments.

The statutory scheme requires the liquidation of entries following the completion of an administrative review. *See* Final Results, 90 Fed. Reg at 24,782 ("Commerce intends to issue assessment instructions to CBP no earlier than 35 days after the date of publication of the final results of this review in the *Federal Register*"); 19 U.S.C. § 1675(a)(3)(B) (liquidation "shall be made promptly and, to the greatest extent practicable, within 90 days after the instructions to Customs are issued"); 19 U.S.C. § 1677(g)(a) (interest will be paid on refunds of amounts deposited). A party can request that the Court enjoin liquidation pending an appeal. 19 U.S.C. §§ 1516a(c)-(e). Plaintiffs did so here in order to obtain judicial review of issues that, if reversed, could require revocation of the underlying AD order.

While Plaintiffs wish to continue to pursue their rights to judicial review of the issues related to the continued existence of the AD order, Plaintiffs wish to remove the injunction against liquidation of entries covered by the now-completed first administrative review so that TGS USA

can receive the refunded overpayments and interest to which it is entitled by statute. The dissolution of the injunction would not harm Defendant or Defendant-Intervenors. Nor would dissolution of the injunction render the CAFC appeal moot because the appeal relates to the purported industry support for the petition, USDOC's initiation of the investigation, and the continued existence of the AD order and, therefore, does not depend on the liquidation of any subset of entries.

## II. The Final Results and Lack of Any Appeal Represent Changed Circumstances Justifying Dissolution of the Injunction, and Continuing the Injunction Would be Inequitable

USITC Rule 60(b)(5) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding … {when} the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Prior decisions of this Court confirm that the Court has the "inherent power and the discretion to modify injunctions for changed circumstances" and that the "party moving for modification bears the burden of showing that changed circumstances, legal or factual, make the continuation of the injunction inequitable." *See, e.g.*, *Cambria Co. LLC v. United States*, 673 F. Supp. 3d 1340, 1345 (Ct. Int'l Trade 2023) (citing *AIMCOR Ala. Silicon, Inc. v. United States*, 83 F. Supp. 2d 1293, 1299 (Ct. Int'l Trade 1999); *Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647 (1961)).

The issuance of the USDOC's Final Results together with the parties' decision to not appeal that determination constitute a "changed circumstance." At the time that Plaintiffs moved for the injunction, they sought to protect the entries from liquidation at a potentially unacceptable rate, which would only be determined through USDOC's first annual review. Now that the Final Results have been issued, and the resulting AD rate is significantly lower than the deposit rate, the statute entitles plaintiff TGS USA to a substantial refund of overpaid cash deposits (*i.e.*, the

difference between the cash deposit rate in effect at the time of entry, and the final assessment rate).

Given the significant amount of refunds due to TGS USA, Plaintiffs wish to allow liquidation of these entries to proceed so that TGS USA may use the funds to which it has a statutory right.  Plaintiffs recognize that, in moving to dissolve the injunction, they allow liquidation to proceed and final AD duties to be assessed through liquidation.  Plaintiffs are willing to accept the final assessment of AD duties on this discrete set of entries while continuing to pursue their challenge to the underlying AD order.  It would be inequitable to deprive the Plaintiffs of the significant financial resources to which they have a statutory right when the Plaintiffs can pursue their appeal of the underlying AD order without the necessity of extending the results of that appeal to these specific entries.

The dissolution of the injunction and liquidation of OCTG entries in question would not harm Defendant or Defendant-Intervenors in this case.  USDOC's administrative review proceeding with respect to imports from Argentina has concluded, and no appeal was taken.[1] Defendant has a statutory obligation to liquidate, refund any overpayments, and pay interest on the overpayments.  Therefore, delaying liquidation would simply require the payment of more interest. Defendant-Intervenors' interests are not affected by the liquidation of these entries.

Nor would liquidation affect the ongoing CAFC appeal in this case.  As noted above, the CAFC appeal challenges issues that relate to both the issuance and continuation of the underlying

---

[1] In denying movant's motion to dissolve the statutory injunction in *AIMCOR*, the Court reasoned that the agencies' determinations which the movant's claimed as "changed circumstances" were not actually final, because they could still be overturned on appeal: "Until there has been an adjudication of the validity of the findings, proceedings, and action taken by the agencies, the court sees no basis for finding the injunction to be inequitable, or justification for dissolving the preliminary injunction." *AIMCOR*, 83 F. Supp. 2d at 1299.  That is not the case here.  The duty rate applicable to the dates covered by the injunction is final and the deadline for appeal has passed.

AD order, which will continue to affect TGS USA's imports of OCTG from Argentina into the future, regardless of the liquidation of these specific entries. Thus, this is not a case in which liquidation of the entries resolves or renders moot the legal questions under appeal.[2]

All parties were provided with the draft motion and all indicated that they take "no position" on this motion. On July 17, 2025, Plaintiffs' counsel conferred by email with Margaret J. Jantzen, counsel to Defendant the United States, who responded on July 24, 2025; James E. Ransdell, counsel to Defendant-Intervenor United States Steel Corporation, who responded on July 21, 2025; and Luke A. Meisner, counsel to Defendant-Intervenors Borusan Mannesmann Pipe U.S. Inc., PTC Liberty Tubulars LLC, United Steel, Paper And Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, and Welded Tube USA Inc., who responded on July 24, 2025.

                                                    Respectfully,

                                                    /s/ Gregory J. Spak

                                                    Gregory J. Spak
                                                    Frank J. Schweitzer
                                                    Kristina Zissis
                                                    Matthew W. Solomon

                                                    WHITE & CASE LLP
                                                    701 Thirteenth Street, NW
                                                    Washington, DC 20005

July 28, 2025                                         (202) 626-3600

---

[2] *See, e.g., Shandong Huarong Mach. Co. v. United States*, 32 C.I.T. 1316, 1321 (2008) ("In the context of an unfair trade case, Courts have generally found that once entries have been liquidated, there is no case or controversy with respect to the duty rate to be applied to them. As a result, liquidation moots a court challenge to the duty rate imposed in an administrative review: 'Once liquidation occurs, it permanently deprives a party of the opportunity to contest Commerce's results for the administrative review by rendering the party's cause of action moot'" (citing *SKF USA Inc. v. United States*, 316 F. Supp. 2d 1322, 1327 (2004); *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809-810 (Fed. Cir. 1983))).

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| TENARIS BAY CITY, INC.; MAVERICK TUBE CORPORATION; IPSCO TUBULARS INC.; TENARIS GLOBAL SERVICES (U.S.A.) CORPORATION; AND SIDERCA S.A.I.C., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> UNITED STATES STEEL CORPORATION; BORUSAN MANNESMANN PIPE U.S. INC.; PTC LIBERTY TUBULARS LLC; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; AND WELDED TUBE, <br><br> Defendant-Intervenors. | Court No. 22-00343 |

**ORDER**

Upon consideration of the Motion to Dissolve Injunction filed by Plaintiffs Tenaris Bay City, Inc., Maverick Tube Corporation, IPSCO Tubulars Inc., Tenaris Global Services (U.S.A.) Corporation, and Siderca S.A.I.C. (collectively, "Plaintiffs"), and upon consideration of all other pleadings, papers and proceedings herein, it is hereby

**ORDERED** that Plaintiffs' Motion is **GRANTED**, and it is further,

**ORDERED** that the injunction enjoining the liquidation of subject entries produced and/or exported from Argentina to the United States by Siderca S.A.I.C., that were entered, or withdrawn from warehouse, for consumption, during the periods May 11, 2022 to November 6, 2022, and

2

November 18, 2022 to October 31, 2023, is dissolved and the suspension of liquidation of covered entries thus lifted.

    **IT IS SO ORDERED.**


Dated: _____                               _____
        New York, New York                                           Claire R. Kelly, Judge